[Cite as *In re J.A.K.*, 2012-Ohio-3403.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

| | |
|---|---|
| | : |
| IN THE MATTER OF THE CHANGE | |
| OF NAME OF J.A.K., | :    C.A. CASE NO. 11CA0068 |
| A MINOR | |
| | :    T.C. CASE NO. 10800CN-11-100 |
| | |
| | :    (Civil Appeal from Common |
| |       Pleas Court, Probate Div.) |

· · · · · · · · ·

**O P I N I O N**

**Rendered on the 27ᵗʰ day of July, 2012.**

· · · · · · · · ·

**Thomas G. Eagle, Atty. Reg. No. 0034492, 3386 N. State Rt. 123, Lebanon, OH 45036**
    **Attorney for Petitioner-Appellant**

**Harry G. Beyoglides, Jr., Atty. Reg. No. 0018959, 130 W. Second Street, Suite 1900, Dayton, OH 45402-1506**
    **Attorney for Respondent-Appellee**

· · · · · · · · ·

**GRADY, P.J.:**

{¶ 1} Petitioner T.E. appeals from an order denying his application for change of name of his minor son, J.A.K.

{¶ 2} T.E. and D.K. are the parents of J.A.K. D.K. has been married twice and has a total of four children. She married her first husband in 1990 and they had two children born during their marriage. Both of these children use the surname of their father. D.K. divorced

her first husband in 1999. She married her current husband in 2000. They have one child together who was born in 2001. Both D.K. and her third child use the surname of D.K.'s current husband. D.K.'s fourth child, J.A.K., was born in 2007 while D.K. and her current husband were separated. J.A.K. has used the surname of D.K.'s current husband since his birth.

{¶ 3}  On September 6, 2011, T.E. filed an application for change of name of his son, J.A.K. Following an evidentiary hearing, the trial court denied the application. T.E. requested findings of fact and conclusions of law, which the trial court provided on November 8, 2011. T.E. filed a timely notice of appeal, raising the following assignment of error:

{¶ 4}  "THE TRIAL COURT ERRED IN DENYING THE PETITION FOR NAME CHANGE."

{¶ 5}  The probate court may order a change of name if the application for change shows "reasonable and proper cause for changing the name." R.C. 2717.01(A). "When deciding whether to permit a name change for a minor child pursuant to R.C. 2717.01(A), the trial court must consider the best interest of the child in determining whether reasonable and proper cause has been established." *In re Willhite*, 85 Ohio St.3d 28, 706 N.E.2d 778 (1999), paragraph one of the syllabus.

{¶ 6}  We review for an abuse of discretion a probate court's determination of whether a proposed name change is in a child's best interest. *In re Budenz*, 133 Ohio App.3d 359, 362, 728 N.E.2d 24 (2d Dist.1999). In *AAAA Enterprises, Inc v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990), the Supreme Court held:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1252. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.

{¶ 7}    The Supreme Court, in *Willhite*, at paragraph two of the syllabus, held that the trial court should consider the following factors when determining whether a change of a minor's surname is in the best interest of a child:

the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other

factor relevant to the child's best interest.

**{¶ 8}** At the hearing (Tr. 10), T.E. provided the following reason for wanting to change his son's surname:

Other than the fact that I want to establish that he is my son, that his name will never change under the pretense of what may happen between [D.K.], whoever, [D.K.'s husband], I guess. I don't know. It is a good name. I mean it's a well-established name that -- that for the only count that I know of is just for the fact that I want to acknowledge he's my son.

**{¶ 9}** D.K. testified that she does not want J.A.K.'s surname changed because he is enrolled in primary school and a change of name would be confusing to him and would require changing his name on medical records and school records. Further, J.A.K. knows his current last name, one of his siblings uses the same surname as J.A.K., and D.K.'s current husband has been there for J.A.K. since his birth.

**{¶ 10}** At the close of the evidentiary hearing, the trial court explained that it would consider the evidence presented as it pertained to the best interest factors identified by the Supreme Court in *Willhite*. The trial court subsequently denied T.E.'s application for a name change, stating the following conclusions of law:

1) The child's relationship with each parent is very positive, and keeping the current name or changing the name will not improve or diminish his relationship with either parent.

2) The child's family unit is with his mother and step-father, who have the name K[.] [J.A.K.] is comfortable with this name and relationship.

3) The best interests of the child will be served at this time by keeping his name [J.A.K.]

**{¶ 11}** Based on our review of the evidence, we cannot find that the trial court abused its discretion in denying T.E.'s application for a name change. While the factors set forth in *Willhite* show that a name change would not necessarily be harmful to J.A.K., they do not necessarily demonstrate that a name change would be in J.A.K.'s best interest. *In re Zachary Dayton*, 155 Ohio App.3d 407, 2003-Ohio-6397, ¶ 2 (7th Dist.). Therefore, the trial court acted within its discretion in denying the application.

**{¶ 12}** The assignment of error is overruled. The judgment of the trial court will be affirmed.

DONOVAN, J., And FROELICH, J., concur.

Copies mailed to:

Thomas G. Eagle, Esq.
Harry G. Beyoglides, Jr., Esq.
Hon. Robert A. Hagler